# A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

U.S. DIST. COURT
MIDDLE DIST. L?
21 ?? AUG 14   AM 10: 36

BY DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

Ray Rattler

#91323
Inmate (DOC) number

(Enter above the full name of each
plaintiff in this action.)

VERSUS
Bobby Jindal; Govenor
Jame M. Leblanc; Secretary; D.O.C.
Burl CAIN; Warden; La. State. Prison.
R.E. Barrow; Jr. Treatment Center. Angola La. 70712
Louisiana Parole Board; 504 Mayflower ST. B. R. La.
Angela Day; Principal; At La State Prison, Angola, La.
Warden; Peray; Warden; Martineau; work At La. State, Prison.
Mental Health Worker; Christine; work at La State, Prison.
Lt. "Blue" John Doe. Work at Camp-F At La. State, Prison.
Major: Monkey; work at Camp-E at La. State, Prison.
Major; Brdelox, work at Camp-E, at Angola, La.
Capt; Michael Feazell; work at Camp-C La. State Prison.
                                        La. State. Prison.

(Enter above the full name of each
defendant in this action.)

## Instructions for Filing Complaint by Prisoners
## Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly

Added Defendants:

RAY Rattler

Versus

Trish Foster: Legal Program Director:
Work at La. State. Prison. Angola, La. 70712

Lt. Col. Ducot: La. State. Penitentiary, Angola, La.
Camp-C

Donald Cavalier Classification Officer: Work
at Angola, La. State. Penitentiary.

B-line Mail Room: La. State. Prison: Angola, La. 70712

the same.

In order for this complaint to be filed, it must be accompanied by the filing fee of $350.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

1.    Previous Lawsuits

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?   Yes ( ) No ( ✓ )

B.  If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
     Plaintiff(s): _____ *None* _____
     _____

     Defendant(s): _____ *none* _____
     _____

2. Court (if federal court, name the district; if state court, name the parish):
     _____ *none* _____
     _____

3. Docket number: _____

4. Name of judge to whom case was assigned: _____
     _____

2

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):

_none_

6. Date of filing lawsuit: _none_
7. Date of disposition: _none_
C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
   Yes (✓)        No ( )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_N/A_

II.    Place of present confinement: _La. State. Prison._

A. Is there a prisoner grievance procedure in this institution?
   Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. _No. LSP 2007-3134, No. LSP 2006-1947, No. LSP 2007-0841 No. LSP 2008-0719, No. LSP 2007-3706  Case No. LSP 2009-1772  2009-1773_
2. What steps did you take? _____

3. What was the result? _I was denied relief on some, Some Ms. Trish Foster Just Plain out barr me for no Just cause._

D. If your answer is No, explain why not: _____

3

III.  Parties
      (In Item A below, place your name in the first blank and place your present address in the
      second blank.  Do the same for additional plaintiffs, if any.)

      A.  Name of plaintiff(s) _____
          Address _____
      In Item B below, place the full name of the defendant in the first blank, his official position
      in the second blank, and his place of employment in the third blank.  Use Item C for the
      names, positions, and places of employment of any additional defendants.

      B.  Defendant _____ is employed as
          _____ at _____
          _____
      C.  Additional Defendants: _____
          _____
          _____
          _____

IV.   Statement of Claim

      State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is
      involved.  Include also the names of other persons involved, dates, and places.  **<u>Do not given
      any legal arguments or cite any cases or statutes.</u>**  If you intend to allege a number of
      related claims, number and set forth each claim in a separate paragraph.  (Use as much space
      as you need.  Attach extra sheets if necessary.)

      _____ *See Attached Claims* _____

      _____

      _____

      _____

      _____

      _____

      _____

      _____

      _____

4

<u>CLAIM (1)</u>   On 11-6-06 Plaintiff Ray Rattler mailed A Personal, and Confidential letter to Baton Rouge, Parole board Chairman: Mr. Lewis that stated: "To be opened by addressee only". Plaintiff alleges this letter was mailed, or considered Certified Mail to the Parole board Chairperson Mr. Lewis. See exhibit "  " Violative 1st, 5th, via 14th Amend.

Plaintiff alleges that defendants' Chief Probation and Parole officer Genie C. Powers were in error of opening a Personal and Confidential letter that destroyed an liberty interest that was created by Chairperson Mr. Lewis. Plaintiff alleges further that the contents of said letter were self-explanatory for only Chairperson Mr. Lewis: decision only. See certified receipt "A" exhibit

Plaintiff alleges that he did not request or submitted an application for an Parole hearing. Plaintiff contends that Chief Probation and Parole officer Genie C. Powers violative Plaintiff 1st, 5th, via 14th Amendments rights when she open a Personal and Confidential letter.

In Ms. Genie C. Powers response to Plaintiff dated 11-29-06, she defendant Genie C. Powers stated: Your application is scheduled for review by the Parole board on 12-07-06. See exhibit "A1"

On 12-01-06 Chief Probation and Parole officer Genie C. Powers stated: The board has reviewed your file and voted to deny your request for a hearing for the following reason(s):

Page (1)   An Inmate Convicted of a Crime of Violence as enumerated in La. R.S. 14:2, or as set forth by the Court at the time of Sentencing, and/or Crime against Persons as enumerated in La. R.S. 14:29 through 14:47, may apply one year after the Original denial, and if denied on re-

Case 3:09-cv-00644-JJB-SCR   Document 1   08/14/09   Page 6 of 23

Plaintiff alleges that, Chief Genie C. Powers did have the rights to open Chairperson Mr. Lewis letter that were addressed to him, violative Plaintiff Ray Rattler 1st, 5th, via 14th Amendment rights under the United States Constitution wrongfully and without Just cause reviewed a confidential letter that was only for the addressee did make decision that wasn't known to Chairperson "Lewis" which Should have been known to him.

This action is brough pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, 4th, fifth, via 14th Amendments to the United States Const. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4) and the aforementioned Constitutional and Statutory Provisions. Plaintiff further invokes the Pendent Jurisdiction of this Court to hear and decide claims arising out of State law.

Wherefore, Plaintiff Ray Rattler request that this Court:
A. Award Declaratory damages and injunctive relief at most a
B. New Parole hearing at which Parole authorities may, in their discretion, decide or agree too.

<u>Clark V. Thompson</u>, 960 F.2d 663, 665 (7th Cir. 1992)
Prisoner need not exhaust State remedies when challening Constitutionality of Procedures used to deny Parole application).

Page (2)

<u>CLAIM (2)</u> Plaintiff Ray Rattler Pro se acting as his attorney Complainting of defendants hospital administrator and doctors, and nurses' of deliberate indifferent and negligence at R.E. Barrow, Jr. treatment Center alleges that defendants' Violated Certain rights guaranteed under the United States Constitution by wrongful Medical delay and without Just Cause injuring Plaintiff by means of negligence in reviewing Plaintiff medical records. The defendants' hospital administrator and doctors', and nurses' is liable because of its Policy and custom of encouraging, tolerating, Permitting, and ratifying a Pattern of negligence deliberate indifferent to Plaintiff Serious medical needs, which was known to it or which should have been known to it.

In the 1980's Plaintiff was diagnosed with a high (ALT) levels and with HC AB and HB AB by the blood Plasma Center doctor. The Plasma doctor referred Plaintiff to R.E. Barrow, Jr. treatment Center to be seen by a doctor so that a determination can be rendered as to Possible treatment.

Plaintiff alleges that, despite the doctor at the Plasma Center referral that Plaintiff be seen at R.E. Barrow, Jr. treatment Center, the administrator and doctors, and nurses' were negligence in reviewing Plaintiff medical records. Plaintiff condition wasn't discovered by R.E. Barrow, Jr. treatment Center "until 20 years after the disease had gotten out of Control. Plaintiff further alleges that this Medical delay allowed his disease to Progress to the Point where it was no longer treatable. Plaintiff further alleges that the hospital administrator and medical doctors', and nurses' is liable for Plaintiff Serious medical Condition. Plaintiff alleges that a supervisor is liable in Certain Cases for the wrongful acts of deliberate indifferent to his medical needs, and that those

Case 3:09-cv-00644-JJB-SCR Document 1 08/14/09 Page 8 of 23

needs are serious this very minute. See: <u>Lee V. Sewell</u>, 2005 WL 3506346 [3rd Pa. Dec. 23, 2005].

This action is brough Pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, 4th, Fifth, via 14th Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4) and the aforementioned Constitutional and statutory Provisions. Plaintiff further invokes the pendant Jurisdiction of this court to hear and decide claims arising out of state law.

Wherefore, Plaintiff Ray Rattler request that this court:

a. Award mental Anguish damages against the defendants and each in their own individual Capacities in the amount of <u>$1.2 Million</u>
b. Award Compersatory damages against the defendants, and each of them jointly and severally, in the amount of <u>$1.2 Mill</u>
c. Award Punitive damages against the defendants individually in the amount of <u>$1.2 Mill</u>
d. Award such other and further relief as this court may deem approiate.
E. Award costs of this action including attorneys fee to the Plaintiff. $800,000
A jury trial is hereby demanded.

CLAIM 3

Plaintiff Ray Rattler Pro Se acting as his attorney and Complainting of the defendents' Angela Day Principal, and Msgt. Dennis, and Msgt. Turner Conspiracy and intentional Misconduct to retaliate against Plaintiff for exercising his First Amendment rights to redress the A.R.P. System, an redress the Courts.

Plaintiff alleges that defendant Angela Day "Principal", and Msgt. Dennis and Msgt. Turner acting in their individual Capacities and Under Color of law, Conspired together and reached a mutual understanding and acted inconcert to undertake a Course of Conduct violative of Plaintiff Civil rights, by:

a. Agreeing to "target" Plaintiff rights by denying Plaintiff an education whereby Plaintiff was denied his liberty interest that was afforded him by the State of Louisiana Parole board. Under Art V.I.I and Section 1 of the Constitution of 1974. Where its states: The goal of the Public educational System is to Provide learning environments and experiences, at all Stages of human development, that are humane, Just, and designed to Promote excellence in order that every individual May be afforded an equal opportunity to develop to his full potential.

In the case at bar, Plaintiff were removed from school without Just Cause for Complainting about his injection shots. See exhibit " and exhibit " ".

After Plaintiff had been wrongful removed from school, the defendents' directy or indirectly, in the haressment, and retaliation of Plaintiff First Amend rights had Knowledge of the widespread and pervasive Policy, custom, Practice, and usage of racial and intentional discrimination toward African American and Other Minorities, that the racially motivated conspiratorial wrongs against Plaintiff were about to be Committed, had Power to Prevent or to aid in preventing the commission of these wrongs, and Neglected to do so.

Page (1)

These wrongful acts were committed as aforedescribed in "Claim 3", and these wrongful acts could have been prevented by the exercise of reasonable diligence by the defendant Angela Day. As a direct and Proximate result of the aforedescribed wrongful acts of defendants Angela Day, Msgt. Dennis, and Msgt. Turner, Plaintiff was deprived of his liberty interest right to due Process, to equal Protection of the law in violation of the 5, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 ⬛ and 42 U.S.C. § 1986.

## Jurisdiction

This action is brough Pursuant to 42 U.S.C. §§ 1983 and 1986 and the First, 5, and 14th Amendments to the United States Const. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4) and the aforementioned Constitutional and Statutory Provisions. Plaintiff further invokes the Pendant Jurisdiction of this Court to hear and decide Claims arising out of state law.

Wherefore, Plaintiff Ray Rattler request that this Court:

(A). Award Mental Anguish damage against the defendants' and each in their own individual Capacities in the amount of $20.000

(B) Award Compersatory damages against the defendants', and each of them Jointly and Severally, in the amount of $100.000

(C). Award Punitive damages against the defendants individually in the amount of $20.000

(d) Award Costs of this action including attorneys fee to the Plaintiff:

(E) Award Such Other and further relief as this Court may deem approiate. $35.000

CLAIM (4) On and around July, I Ray Rattler was housed at Camp "F" Dorm 2 when I asked to see the E.M.T. because I felt dehydration coming on. When the E.M.T. came, He than examine me. than the E.M.T. man stated that: I Ray Rattler was dehydrated." He E.M.T. also stated that," He had seen cases in Hunt's where inmates was drinking Water had became "Paranoid" from drinking to much of the water. I Ray Rattler than asked the E.M.T. "how you know this. That's when he asked me how much water I drink a day. I Ray Rattler stated: I drinks a lot of water because of the work I do. So the E.M.T. man gave me a referral slip to go to the emergncy room. Once at the emergncy room, the E.M.T. man hook me up to an I.V. because, he stated I needed some liquid inside me. I Ray Rattler stated that, before I were finish, this "Social Worker Christine come in and started asking me, how I was doing. When I asked her who she was, She Stated: that she was a Social Worker and that, she had to "ask" me a few question." I Ray Rattler stated; what kind of question? She Stated that, "Do you feel like you want to hurt yourself or other?"

I Ray Rattler stated: I don't know where you coming from with that, because I ain't about to hurt me or anyone else. I Ray Rattler stated again: I never requested to see a Social Workers. So when Plaintiff were finish with the I.V. The (Lt) over at the hospital Stated: I were ordered to lock you up. I Ray Rattler stated: "For what?" The lieutenant stated: I don't know, but its came from Camp "F".

Once at C-B.D. Lock-down, I Plaintiff Ray Rattler found out when Plaintiff went to D.B. Court, Major BRoReese informed me of the contents of the report that the Lieutenant and social worker Ms. Christine had put me on watch. I Plaintiff asked Major BroReese that I were charged with because Plaintiff was un-aware of anything Plaintiff did wrong. Plaintiff alleges

Case 3:09-cv-00644-JJB-SCR   Document 1   08/14/09   Page 12 of 23

Major BroReese informed Plaintiff of the violation. I Plaintiff Ray Rattler explainted that I was being treated for dehydration, not what the contents of the report is stating. Plaintiff further alleges that Major BroReese Put Plaintiff under investigation and deferred it to the hospital. Once the investigation came back, the charge was dismissed, and Plaintiff were R.T.Q. back to camp "F".

On the 6th or 7th day of August, Plaintiff alleges that, this was not the end of the defendants' herein to further conspire with the mental health department along with the defendant of this administration to rendered Plaintiff Paranoid cause of Prior grievance of retaliation of these defendants herein.

Plaintiff contends that, he had an Prior occasion to meet and speak to one of these social worker and asked her and him, "who referred you to Plaintiff." The social worker stated: Plaintiff were put on watch back in August, or July. either way, Plaintiff never requested to be put on watch or filled any sick-call form out requesting such. The retaliation go in conjunct with case No. LSP. 2006-1947- case No. LSP. 2007-0841 - case no.LSP. 2007-3134, case No. LSP. 2008-0719 case No. 2007-3706

Plaintiff Ray Rattler Pro se acting as his attorney and complainting of the defendants' (Jane) Christine (Doe) social worker for mental health department conspired with the defendants' to intentional misconduct to retaliate against Plaintiff for exercising his First Amendment rights to redress the A.R.P. system, and redress the Courts.

Plaintiff alleges that defendants' "Christine Mental health social worker acting in their individual capacities and under color of law, conspired together, and reached a mutual understanding and acted inconcert to undertake a Course of Conduct violative of Plaintiff Civil rights, by:

a. Agreeing to "target" Plaintiff to render Plaintiff Paranoid for filing Prior grievance liberty interest on the Parole board and Medical Conditions. See Claim (4) and Claim (3)

## Jurisdiction

This action is brough Pursuant to 42 U.S.C. §§ 1983 and 1986 and the 1st, 5th, and 14th Amendments to the United States Const. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4) and the aforementioned Constitutional statutory Provisions. Plaintiff further invokes the Pendant Jurisdiction of this court to hear and decide Claims arising out of stat law.

Wherefore, Plaintiff Ray Rattler request that this Court:

(A). Award mental Anguish damages against the defendants and each in their own individual Capacities in the amount of $30.000

(b). Award Nominal damages in the amount of $20.000

(C). Award Compersatory damages against the defendants and each of them Jointly and severdlly, in the amount of $30.000

(d). Award Punitive damages against the defendants individually in the amount of $30.000

(E). Award Costs of this action including attorney fee to the Plaintiff. $35.000

(F) Award Such other and further relief as this Court may deem approiate.

A Jury Trial Is Hereby Demanded.

On the stated date and time, 8-27-08, I Plaintiff Ray Rattler was released out administrative segregation after a fabricated report were written in violation of Plaintiff 1st, 5th, via 14th Amend rights and returned to Camp F Dorm #2, without being afored a hearing. On arrival at the Camp, Plaintiff was notified that the whole Camp-F were being transferred to Camp-C and other location. I Plaintiff Ray Rattler informed the Major: Monkey that I got released out administrative segregation, and that I don't have any of my Property. I Plaintiff than was informed that I only need a change of clothes because no one wasn't going to stay. The defendants' Major: Monkey allowed "me Plaintiff to get a change of clothes which consist of, 1 pair pants, 2 - T-Shirts, and Towel and Soap.

Plaintiff alleges after he arraived at Camp-C, Plaintiff was put in Bear-3 dorm. After 2 days in Bear-3, Plaintiff experience some Problems with some inmates. Plaintiff than caught Warden Martinear coming in the said dorm, Plaintiff explained to Warden Martinear that there were inmates Planning something to harm him, which Pointed each inmate out.

Plaintiff further alleges that, the defendants: Warden Martinear Called Plaintiff outside and asked Plaintiff for his I.D. card. When Plaintiff got to the office, Plaintiff saw Warden Po-ray sitting there talking to Warden Martinear about Plaintiff. Plaintiff alleges that it was very obvious that Warden Po-ray were engage in a Plot with Warden Martinear, because Warden Po-ray did not like Plaintiff from Past grievance filing that he had been trying to get Plaintiff to drop.

Plaintiff alleges that; Warden PoRay and Warden Martinear Notified Captain Michael Feazell, and Major Brodelon to engage further in the Conspiracy to retaliate against Plaintiff.

Plaintiff Ray Rattler alleges that, On 8-29-2008, Capt Michael Feazell on the Same date and time Warden Martinear call Plaintiff to the door of the office, and Stated: go with Capt. Feazell.

Plaintiff alleges that, he Notice Warden: Martinear give Plaintiff I.D. Card to Capt. Feazell. Capt. Feazell fabricated the following report, by typing in the report Stating:

On the above date and approximate time, inmate Ray Rattler #091323 Pushed his "boxes" out of Bear-3 dorm. I Capt. Feazell, then gave inmate Rattler Several direct Verbal orders to catch his dorm. inmate Rattler Stated." I ain't living in Bear-3. inmate Rattler was Placed in administration Segregation Pending displinary action. Major Brodelon was Notified.

Plaintiff alleges that Warden: PoRay, and Warden: Martinear, and Major Brodelon Knews Capt. Feazell Fabricated his report and allowed Such to go Un-Corrected is PreJury, because they knew everyone of the trustee's Came without their Locker boxes.

Plaintiff Ray Rattler alleges that, although Plaintiff Stayed in administrative Segregation for 27 days without a hearing, Plaintiff released after Complainting that he was being held without due Process. Plaintiff further alleges that Capt. Feazell and the others defendants' Knew the report was Fabricated. Plaintiff Proof of Such will be Shown at or in any Court of Law. Plaintiff further States that, he have Filed Prior Complaint, but was denied the

right to redress the administrative Remedy Procedure by Trish Foster. See exhibit. "      "

Plaintiff Ray Rattler Pro se acting as his attorney complainting of defendants' herein, Major Monkey, Major: Brodelon, Warden: Po-ray, Warden: Martinear, Capt. Michael Feazell violated certain rights guaranteed under the United States Constitution by wrongful acts is liable because of its Policy and Custom of encouraging, tolerating, Permitting, and ratifying a Pattern of misconduct which was Known to it or which should have been Known to it.

This action is brough Pursuant to 42 U.S.C. §§ 1983 and 1988 and the 1st, 5th, via 14th Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4) and the aforementioned Constitutional and Statutory Provisions. Plaintiff further invokes the Pendant Jurisdiction of this Court to hear and decide claims arising out of State Law.

Wherefore, Plaintiff Ray Rattler request that this Court:
(a.) Award mental Anguish damages against the defendants' and each in their own individual Capacities in the amount of $ 20,000
(b) Award Compensatory damages against the defendants' and each of them jointly and severally, in the amount of $ 20,000
(c). Award Punitive damages against the defendants' individually in the amount of $ 20,000
(d). Award Such other and further relief as this Court may deem approiate.
(E.) Award Costs of this action including attorney's fee to the Plaintiff. $ 35,000

A Jury trial is hereby demanded.

CLAiM (6)   On 10/24/08, Plaintiff Ray Rattler alleges that his Constitut-
ional rights was violative by Lt. Col. Ducote, Donald Cavalier,
and Captain G. Aymond acting in their individual Capacities and
under color of law, Conspired together, and reached a mutual under-
standing and acted inconcert to undertake a course of Conduct
by retaliation and fabication violative of Plaintiff Civil rights
by:

a. Agreeing to "target" Plaintiff Ray Rattler for filing Prior
grievance against the above defendants. This action is
brough Pursuant to 42 U.S.C. §§ 1983 and 1986 and the
1st, 5th, and 14th Amendments to the United States Const. Jurisdiction
is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4) and
the aforementioned Constitutional and statutory Provisions. Plaintiff
further invokes the Pendant Jurisdiction of this Court to
hear and decide Claims arising out of State law.

Wherefore, Plaintiff Ray Rattler request that this Court:
(A). Award Mental Anguish damages against the defendants and each in
their own individual Capacities in the amount of $20.000
(B). Award Compersatory damages against the defendants, and each
of them Jointly and Severally, in the amount of $20,000
(C). Award Punitive damages against the defendants individually
in the amount of $20,000
(d). Award Costs of this action including attorney fee to the Plaintiff.
$35.000
(E) Award Such and further relief as this Court may deem approiate.
A Jury trial is hereby demanded.

CLAIM (7)

On 6/18/2009, Plaintiff Ray Rattler filed a complaint against the listed defendants' Warden PoRay, Warden: Martinear, Capt. Mc Feadell and Major: Bordelon, when the defendant Trish Foster Used two inconsistent statements to curtail Plaintiff complaint by Violative Plaintiff 1st, 4th, 5th, via 14th Amendment rights to redress. took Plaintiff hobby shop Box without due process.

Plaintiff alleges that Mrs. Trish Foster is over the legal Program department. Mrs. Foster is not over the department to redress complaints. The defendant Trish Foster is clearly in violation and demonstrate a retaliation for Plaintiff Prior grivances against her in the Past, Conspired together and reached a mutual understanding and acted inconcert to undertake a course of conduct violative of Plaintiff civil rights by: (A). Agreeing to "target" Plaintiff rights by denying Plaintiff access to redress A.R. P. System. Felling inmates Counsel Plaintiff is A "Rat"

This action is brough Pursuant to 42 U.S.C. §§ 1983 and 1988 and the first, 4th, 5th, and 14th Amendments to the United States Constitution Jurisdiction is founded upon 28 U.S. C. § § 1331 and 1341 (3) and (4) and the aforementioned Constitutional and statutory Provisions. Plaintiff further invokes the Pendent Jurisdiction of this Court to hear and decide claims arising out of state law. Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974). Prisoner § 1983 suit for damages and injunctive relief Proper when claim alleged unconstitutionality of disciplinary Proceedings, inmate legal assistance Program, and mail inspection regulations.

2-Pages.

(1)

# Jurisdiction

This action is brough Pursuant to 42 U.S.C. §§ 1983 and 1988 and the First, Fourth, Fifth, and Fourteeth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4) and the aforementioned Constitutional and Statutory Provisions. Plaintiff further invokes the Pendent Jurisdiction of this Court to hear and decide Claims arising out of State law.

Wherefore, Plaintiff Ray Rattler request that this Court:

a. Award Compensatory damages against the defendants, and each of them jointly and severally, in the amount of $20,000

B. Award punitive damages against the defendants individual in the amount of $20,000 _____ Mental Anguish $20,000

C. Award Costs of this action including attorney's fee to the Plaintiff; and

d. Award such other and further relief as this Court may deem appropriate.

A Jury trial is hereby demanded.

Respectfully, Submitted:

S/

Ray Rattler #91393
La. State. Prison.
Camp-J-Gator 2-R-10
Angola, La. 70712

Dated: _____ 2009

Defendants Jane Doe
Mail Room B-Line

CLAIM(8)    Plaintiff Ray Rattler Pro se acting as his attorney Complainting
of defendants "Jane Doe" in the past, Sept. 10, 2007, did temper
and open Plaintiff personal and Confidential Letter that Can only
be open by the addressee only; Which is the Attorney or the
Sender. violative Plaintiff 1st, 4th, 5th, via 14th Amendment
Castillo v. Cook County Mail Room Dept. 990 F.2d 304, 307 (7th Cir. 1993).

    Plaintiff alleges that the defendants' Conspired together and
reached a Mutual understanding, and acted in Concert to under-
take a Course of Conduct by tampering, Curtailing Plaintiff Legal
Mail from reaching it destination, violative Plaintiff rights
Under Color of law.

    This action is brough Pursuant to 42 U.S.C. §§ 1983 and 1988
and the 1st, 4th, 5th, via 14th Amendment to the United States Const.
Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4)
and the aforementioned Constitutional and Statutory Provisions. Plaintiff
further invokes the Pendent Jurisdiction of this Court to hear
and decide Claims arising out State laws. Wherefore, Plaintiff
Ray Rattler request that this Court:
(A). Award Mental Anguish damages against the defendants and each
in their individual Capacities $20,000
(B). Award Compensatory damages against the defendants in the amount
of $20,000
(C) Award Punitive damages in the amount $20,000
(d) Award costs of this action including attorney fee to the
Plaintiff:
(E) Award such other and further relief as this Court may deem
appropriate - being hereby demanded.

_____

_____

_____

_____

V.     Relief

<u>State briefly exactly what you want the court to do for you</u>.  Make no legal arguments.  Cite

no cases or statutes.  Attach no exhibits.  *A Jury trial is demanded.*

_____

_____

_____

VI.    Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while
I was incarcerated or detained in any facility, I have brought three or more civil actions or
appeals in a court of the United States that were dismissed on the grounds that they were
frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am
in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for
paying the entire filing fee and any costs assessed by the Court, which, after payment of the
partial initial filing fee, shall be deducted from my inmate account by my custodian in
installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court
informed of my whereabouts and failure to do so may result in this action being dismissed
with prejudice.

Signed this  5th  day of  August_____ , 200 9 .

_____

*Ray Rattler*
Signature of plaintiff(s)

RAY RATTLER #91323
La. STATE. Penitentiary
Camp-J-Shark 1-L-11
Angola, La. 70712

SCANNED
TRUE copy
CLERK
U.S. DISTRICT

UNITED STATES POSTAGE
02.1M4
000433979    AUG 13 2009
$01.73°
PITNEY BOWES
MAILED FROM ZIP CODE 70712

Clerk of Court
Middle District of Louisiana
777 Florida Street. Ste. 139
Baton Rouge, La. 70801